IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RONALD GLENN HEATHERLY, ) | |
| Plaintiff, ) | |
| v. ) | No. 3:15-CV-3317-P |
| ) | |
| DALLAS COUNTY JAIL, ) | |
| Defendant. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**I. Parties**

At the time Plaintiff filed this complaint, he was confined in the Dallas County Jail. He brings this suit pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding pro se, and the Court has granted him permission to proceed *in forma pauperis*. Defendants are Sheriff Lupe Valdez, Dr. Porshe, DeAndre Moffitt, the Dallas County Jail and John Doe Dallas County Jail employees. The Court has not issued process pending judicial screening.

**II. Background**

Plaintiff states his bond was revoked without him being notified and that his bail was set unreasonably high. He also claims that on April 12, 2015, Jail officials placed him in an unsafe jail pod and failed to keep him safe from an assault by inmate DeAndre Moffitt. He states that although he requested medical care after the assault, he was denied care. He claims he later learned he suffered facial fractures as a result of the assault and that he will need plastic surgery.

**Findings and Conclusions of the
United States Magistrate Judge**           Page -1-

### III.  Screening

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A.  That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal–(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from suit.").

Both § 1915A(b) and § 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is frivolous or fails to state a claim upon which relief may be granted.  A complaint is frivolous if it lacks an arguable basis in either law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

### IV.  Discussion

**A.  Dallas County Jail**

Plaintiff names the Dallas County Jail as a defendant.  A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department

enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). A governmental department cannot engage in litigation "unless the true political entity has taken explicit steps to grant the servient agency jural authority." *Darby*, 939 F.2d at 313 (agency of city government). Governmental offices and departments do not have a separate legal existence. *See, e.g. Magnett v. Dallas County Sheriff's Department*, No. 3:96-CV-3191, 1998 U.S. Dist. WL 51355 at *1 (N.D. Tex. Jan. 20, 1998) (finding Dallas County Sheriff's Department not a legal entity); *Lindley v. Bowles*, No. 3:02-CV-595-P, 2002 WL 1315466 at *2 (N.D. Tex. June 12, 2002) (finding Dallas County Jail is not a proper defendant with a jural existence). *Prenosil v. Dallas County Jail,* No. 3:93-CV-1130-D, slip op. at 2 (N.D. Tex. Jan. 2, 1995) (same). Dallas County Jail should therefore be dismissed.

**B.     Revocation/Unreasonable Bail**

Plaintiff claims his bond was unlawfully revoked when he was not provided notice of the revocation. He also states his bail amount was excessive. Plaintiff's revocation claim is barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* holds that a prisoner cannot bring a § 1983 action challenging his conviction or confinement unless and until the reason for his continued detention has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court. The critical inquiry is whether a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence." *Id*. at 486-87. If so, the claim is barred. *Id*.

Plaintiff's claim that his revocation was unlawful necessarily implies the invalidity of the revocation. Plaintiff has failed to show, however, that his revocation has been declared invalid

by a state tribunal or federal court. Hence, no § 1983 cause of action has yet accrued and this claim should be dismissed with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (stating dismissal should be with prejudice until *Heck* conditions are met). Additionally, although he claims his bail was excessive, he does not name any defendant who he claims set his bail. Plaintiff's excessive bail claim should be dismissed without prejudice.

C.   **DeAndre Moffitt**

Plaintiff states DeAndre Moffitt was an inmate incarcerated at the Dallas County Jail with him. He claims Moffitt assaulted him and caused injuries to his face.

To obtain relief under 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) a deprivation of that right by a defendant acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). The Fourteenth Amendment of the Constitution provides in part that "[n]o State shall . . . deprive any person of life, liberty, or property without due process of law." The Fourteenth Amendment prohibits only that action which may be fairly attributed to the States. *Shelley v. Kramer*, 334 U.S. 1, 13 (1948). The Fourteenth Amendment does not shield purely private conduct, however discriminatory or wrongful. *Id.; see also Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 349 (1974); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 169 (1970).

In this case, Plaintiff has failed to show that Moffitt acted under color of state law. Plaintiff's claims against this defendant should be dismissed.

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -4-

**D.    Dr. Porshe**

Plaintiff claims Dr. Porshe failed to obtain medical care for him after he was assaulted by Moffitt and suffered fractures to his face. Accepting Plaintiff's allegations as true, the Court is unable to determine at this point that Plaintiff's allegations against Dr. Porshe are frivolous. The Court finds that this claim should proceed and process should be issued as to Dr. Porshe.

**E.    Sheriff Lupe Valdez**

Plaintiff claims Sheriff Lupe Valdez is liable as a supervisor of the jail. To be liable under § 1983, however, an individual typically must be personally involved in the acts causing the deprivation of a person's constitutional rights. *See Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). It is well settled that supervisory officials cannot be held vicariously liable for their subordinates' actions under § 1983. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-95 (1978); *Bigford v. Taylor*, 834 F.2d 1213, 1220 (5th Cir. 1988); *Thibodeaux v. Arceneaux*, 768 F.2d 737, 739 (5th Cir.1985) (per curiam).

Supervisory officials may be held liable only if they (I) affirmatively participate in acts that cause constitutional deprivation, or (ii) implement unconstitutional policies that causally result in plaintiff's injury. *See Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). In this case, Plaintiff claims Defendant Valdez failed to properly supervise jail employees. Sheriff Valdez may be liable under § 1983 if: (1) the Sheriff failed to train or supervise the officers involved; (2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and (3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights. *Estate of Henson v. Callahan*, 440

Fed. Appx. 352, 356 (5th Cir. 2011) (citing *Thompson v. Upshur County, TX*, 245 F.3d 447, 459 (5th Cir. 2001).

Taking Plaintiff's allegations as true, the Court is unable to determine at this point that Plaintiff's allegations against Sheriff Valdez for a failure to supervise are frivolous. The Court finds that this claim should proceed and process should be issued as to Sheriff Valdez.

**F.    John Doe Defendants**

Plaintiff claims John Doe jail officers failed to place him in a safe jail pod and failed to obtain medical care for him after he was assaulted by Moffitt. The Court is unable to serve process on a John Doe defendant. Plaintiff may seek leave to amend his complaint to identify any John Doe defendant and may seek discovery from Defendants to obtain the name of any John Doe defendant. The John Doe Defendants should be dismissed without prejudice.

**RECOMMENDATION**

The Court recommends that: (1) Plaintiff's claims against Dr. Porshe and Lupe Valdez should proceed and process should be issued as to these Defendants; and (2) Plaintiff's claims against John Doe defendants should be dismissed without prejudice; (3) Plaintiff's claims of excessive bail should be dismissed without prejudice; and (4) Plaintiff's remaining claims should be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

Signed this 11th day of January, 2016.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).